**FOX ROTHSCHILD LLP**
By:   Michael Eidel, Esquire
         Attorney I.D. Nos. 92498
2000 Market Street, 20th Floor
Philadelphia, PA 19103
215.299.2000
215.299.2150 (Fax)
Attorneys for Plaintiffs

**UNITED STATES FEDERAL DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GAIL KASPER TELEVISION LLC,<br>GAIL KASPRZAK a/k/a GAIL KASPER, | : | Case No. _____ |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CELEBRITY BOXING ENTERTAINMENT, LLC | : | |
| 5029 South Convent Lane, Unit D | : | |
| Philadelphia, PA 19114 | : | |
| | : | **JURY DEMANDED** |
| Defendant. | : | |

**COMPLAINT FOR BREACH OF CONTRACT**
**– DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, Gail Kasper Television LLC and Gail Kasprzak a/k/a Gail Kasper ("Plaintiffs"), through their undersigned counsel, Fox Rothschild LLP, hereby file the following Complaint against Defendant, Celebrity Boxing Entertainment, LLC as follows:

**INTRODUCTION AND NATURE OF THIS ACTION**

1. Gail Kasper is an internationally renowned speaker and in-demand television personality who, through her company Gail Kasper Television LLC, contracted with Defendant Celebrity Boxing to be the Ring Announcer for a choreographed entertainment event, the main feature of which involving two celebrities in a boxing match held at the Showboat Hotel in Atlantic City, New Jersey (the "Event").  After continually using Ms. Kasper's

124913489.1

name and likeness to promote the Event, Defendant Celebrity Boxing breached the parties'

written contract by terminating Ms. Kasper as Ring Announcer without any legal

justification whatsoever in or about April 2021.  Defendant Celebrity Boxing made matters

worse by defaming Ms. Kasper and her company with a public false statement that Ms.

Kasper was not qualified for the position of Ring Announcer but instead must "start at the

bottom" in the industry, a false statement that Celebrity Boxing never retracted or

corrected.

## VENUE AND JURISDICTION

2. This court has subject matter jurisdiction over the claims asserted herein pursuant to 28

U.S.C. § 1332 which provides, in pertinent party, "the district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between citizens of different States . . . ."

Plaintiff is a citizen of New Jersey, all of the members of the Defendant limited liability

company are citizens of Pennsylvania, and the amount in controversy exceeds $75,000

exclusive of interest and costs.

3. Venue for this action is proper in this District because Defendant Celebrity Boxing

regularly conducts business in this District and may be served at its principal place of

business in this District.  As such, this Court may properly exercise personal jurisdiction

over Defendant.

4. Venue is also appropriate in this District because the contract at issue was executed by

Defendant Celebrity Boxing while it was located in this District.

5.  Venue is also appropriate in this District because Defendant Celebrity Boxing's breach of the contract at issue, and other wrongdoing as herein alleged, occurred in this District where Defendant has its principal place of business.

6.  As to the causes of action herein that arise under the contract at issue, the contract provides that courts in Pennsylvania shall have sole and exclusive jurisdiction over any such causes of action.

**THE PARTIES**

7.  Plaintiff Gail Kasper Television LLC ("GKT") is a New Jersey limited liability company with its principal place of business in Cherry Hill, New Jersey.   Plaintiff GKT is in the business of, among other things, business consulting, brand building, and providing the services of Gail Kasper for motivation speaking.  Plaintiff Gail Kasper is the sole member of Plaintiff GKT and is a citizen of New Jersey.

8.  Plaintiff Gail Kasper is an individual who resides in and is a citizen of the State of New Jersey, and is the sole owner of Plaintiff GKT.  Plaintiff Kasper's business and professional activities are more fully described herein.

9.  Celebrity Boxing Entertainment LLC ("Celebrity Boxing") is, on information and belief, a Pennsylvania limited liability company with its principal place of business at 5029 South Convent Lane, Unit D, Philadelphia PA 19144.

10. Plaintiffs are informed and believe based on published reports, and based thereon allege, that Damon Feldman is the founder and sole member of Celebrity Boxing and resides in and is a citizen of the Commonwealth of Pennsylvania.  Plaintiffs are informed and believe based on published reports, and based thereon allege, that "Mark Ciarrocchi" is the Chief

Operating Officer of Celebrity Boxing and, to the extent he has any membership interest in Celebrity Boxing, he is also a resident and citizen of Pennsylvania.

## FACTUAL ALLEGATIONS

### *Gail Kasper is a Well-Known Media Personality*

11. Gail Kasper is an internationally renowned speaker, has educated, motivated, and inspired top CEOs, ivy league universities, professional sports teams, and the staffs of multi-billion dollar companies.

12. Ms. Kasper is an in-demand television personality who, among other things, has been seen on ABC, Fox, and CBS where she co-hosted the Emmy award-winning *America's TVJobNetwork*.

13. Since 1999, Ms. Kasper has, quite literally, been the welcoming host of Philadelphia, when she hosted The Philadelphia Visitor's Channel/Philly Vision, a local show that airs in the Philadelphia Hotels to over 8 million people every year. She has been the Host of FerryVision since 2017 which airs to 1 million travelers along the South Jersey coast, and hosted the Philadelphia Airport Commercial for three (3) years which is believed to have been viewed by more than 30 million travelers a year.) *See* https://www.youtube.com/watch?v=4qH-h-adv7Y   Ms. Kasper utilizes the popular hashtag #FaceOfPhilly.  As a result, Ms. Kasper's name, likeness, and presentation have been seen by millions of visitors passing through Philadelphia and the Philadelphia Airport since 1999. In 2020 and the beginning of 2021, Ms. Kasper appeared on nearly a dozen NBC, CBS, NBC, and FOX local affiliates across the country for business interviews.  She also appeared twice on a New York morning radio show, Bernie & Sid in the Morning, promoting the Event as described herein and herself as Ring Announcer.

4

14. Ms. Kasper has over 88,000 followers on www.Facebook.com/GailKasperFans, close to 5000 Followers on the page facebook.com/GailKasperMotivationalSpeaker, 30,000 followers on Twitter, and over 11,200 followers on Instagram.

15. Ms. Kasper has hosted innumerable public and private events, is an author of both motivational and children's books, and is a prominent community activist whose efforts with various organizations have benefited inner-city school students, the unemployed, our Troops, and animal welfare.

16. The foregoing is, by no means, a complete listing of Ms. Kasper's public appearances, achievements, and activities.

<em><u>The Written Agreement and the Event</u></em>

17. In or about June 2020, Celebrity Boxing CEO Damon Feldman contacted Plaintiff Kasper to be the Ring Announcer for a Celebrity Boxing event planned for November 10, 2020. After Feldman and Ms. Kasper spoke, he promptly commenced promoting Ms. Kasper as the first female Ring Announcer for Celebrity Boxing, including introducing her at a press conference in early October 2020.

18. Plaintiff GKT and Defendant Celebrity Boxing thereafter entered into and executed a written agreement entitled "Celebrity Boxing Participation Agreement" (the "Agreement").  A true and correct copy of the fully executed written agreement is attached hereto as Exhibit "A."

19. Pursuant to the Agreement, Plaintiff GKT agreed to supply the services of Plaintiff Kasper to act as the "Ring Announcer" for a choreographed entertainment event consisting of two celebrities engaged in a boxing match (the "Event").

20. According to the Agreement, the Event was scheduled to occur at the Showboat Hotel in Atlantic City, New Jersey on November 21, 2020, subject to any and all governmental and private restrictions due to public health concerns and requirements for social distancing and live events.

21. The Agreement provides that the Event "may be changed by [Celebrity Boxing] in [Celebrity Boxing's] sole discretion."

22. Because the pandemic continued from the time the Agreement was made through the fall of the 2020, Defendant Celebrity Boxing decided to change the date of the Event from November 21, 2020 to June 11, 2021.

23. Plaintiffs continued to abide by the Agreement and indicated Ms. Kasper's availability to serve as the Ring Announcer for the Event on June 11, 2021 at the Showboat Hotel in Atlantic City, New Jersey.

24. In addition to agreeing to provide Ms. Kasper with the opportunity to promote herself in the capacity as Ring Announcer for the Event, the Company agreed to pay Plaintiff GKT the sum of five hundred dollars ($500.00) of which Defendant Celebrity Boxing has only paid two hundred dollars ($200.00).

25. As discussed with Defendant Celebrity Boxing at the time the Agreement was made, Plaintiff Kasper agreed to accept a lower than usual appearance fee for the Event because she would also be receiving an additional benefit, namely, wide public exposure and recognition as a Ring Announcer which was scheduled to be aired on live streaming service FITE.TV.  Indeed, part of the consideration flowing to Ms. Kasper under the Agreement was the public recognition of her as the first female Ring Announcer of a Celebrity Boxing

event, and one of only a few women who have served as a Ring Announcer for any MMA, wrestling, or boxing event around the world.

26. In addition to supplying Ms. Kasper's services as Ring Announcer, and as further consideration to Defendant Celebrity Boxing under the Agreement, Plaintiff GKT agreed to promote the Event on all of her social media accounts. Plaintiffs complied with this contractual requirement by spending her own money and numerous hours preparing and disseminating promotional material about the Event on her social media accounts.

27. As further consideration under the Agreement that Plaintiffs never received, Defendant Celebrity Boxing agreed to provide Plaintiffs with a complimentary room at the Showboat Hotel in Atlantic City, New Jersey for two consecutive nights.

28. The Agreement provides that, in good faith, Plaintiffs and Defendant Celebrity Boxing would "mutually agree" on future events. Accordingly, it was expressly anticipated by the parties that a consequential damage of Defendant Celebrity Boxing's breach of the Agreement would result in depriving Plaintiffs of the opportunity to discuss and "mutually agree" on future events where she could serve as Ring Announcer or in other capacities.

*Gail Kasper is Induced by Defendant to Use Her Name and Likeness to Promote the Event*

29. After the Event was rescheduled by Defendant Celebrity Boxing from November 21, 2020 to June 11, 2021, Defendant Celebrity Boxing led Plaintiffs to believe that it would continue to perform the Agreement and induced Plaintiff Kasper to use her name, likeness, and social media capital to continue promoting the event.

30. Plaintiff Kasper never would have devoted her time, effort, and social media capital to continue promoting the Event if she knew Defendant Celebrity Boxing intended to terminate her services as Ring Announcer in breach of the Agreement.

31. In or about January 2021, just before an appearance on the Bernie & Sid in the Morning radio show which Ms. Kasper arranged through a paid publicist, Celebrity Boxing CEO Damon Feldman informed her that former basketball player Lamar Odom had been booked as one of the fighters for the Event, and asked Ms. Kasper to give the Bernie & Sid in the Morning show an "exclusive" by announcing that fact on the show.  Ms. Kasper made this announcement on the show, and also discussed her upcoming plans as Ring Announcer for the Event.  Defendant Celebrity Boxing encouraged, authorized, and benefited from this use of Ms. Kasper's name and likeness, and her expenditure of resources to promote the Event for which she has not been compensated.

32. In addition, on or about February 8, 2021, Celebrity Boxing CEO Damon Feldman promoted Ms. Kasper as Ring Announcer for the upcoming June 2021 Event by posting on his Facebook account a poster of Ms. Kasper referring to her as "Ring Announcer" for the Event, and stating she is "Our Celebrity Boxing Ring Announcer Gail Kasper see her June 12."  In addition, on or about February 24, 2021, Defendant Celebrity Boxing used Ms. Kasper's name and likeness on its Official Celebrity Boxing Facebook and Instagram accounts announcing Ms. Kasper as the Ring Announcer for the Event to take place on June 11, 2021 ("Defendant's Promotional Posts" herein).

33. Defendant's Promotional Posts were viewed by thousands of individuals and, as of at least May 26, 2021, were still up and available on Facebook and Instagram.  Defendant Celebrity Boxing's use of Ms. Kasper's name and likeness, and thus her right of publicity, was without her knowing consent.

*Defendant Celebrity Boxing Breaches the Agreement and Defames Plaintiffs Thereafter*

34. On or about April 2021, Defendant Celebrity Boxing breached the Agreement by terminating Plaintiff Kasper as the Ring Announcer.

35. On behalf of and as an admission of Defendant Celebrity Boxing, its CEO Damon Feldman admitted that Defendant had agreed to have Ms. Kasper as the Ring Announcer and that it was no longer abiding by that promise.  Mr. Feldman further stated that the Event had grown in size so it was, purportedly, no longer appropriate for Ms. Kasper to serve as the Ring Announcer, even though the Agreement never made a certain size of the Event a condition to the employment of Ms. Kasper as Ring Announcer.

36. On or about May 25, 2021, Mr. Feldman, on behalf of Defendant, stated publicly in a post on Ms. Kasper's Facebook page that Ms. Kasper could no longer be the Ring Announcer because "in this business you have to start at the bottom," which clearly conveyed to all viewers of the message that Ms. Kasper was not qualified to serve as the Ring Announcer for the Event to occur in June 2021 (the "Defamatory Statement").  The Defamatory Statement was a false statement of fact because Ms. Kasper was in fact qualified and capable of acting Ring Announcer for the Event.  Mr. Feldman also falsely stated, as part of the Defamatory Statement, that Ms. Kasper "did not respond" to an alternative offer made by Celebrity Boxing, which was also false and implied to viewers of the statement that Ms. Kasper was unprofessional.

### The Event

37. The Event occurred on June 11, 2021 at the Showboat Hotel in Atlantic City, New Jersey.

38. Tickets for the Event at Showboat Hotel sold out and, Plaintiffs are informed and believe, the Event sold thousands of subscriptions or views on a private pay-per-view app.

39. Defendant Celebrity Boxing continued to refuse to employ, and did not employ, Ms. Kasper as the Ring Announcer, despite Defendant's obligations under the Agreement to do so, despite Ms. Kasper's time, effort, and expense incurred to promote the Event, and despite Defendant's use of Ms. Kasper's name and likeness to promote the Event.

40. Instead, Defendant Celebrity Boxing hired a man, Mike Markham, to serve as the Ring Announcer for the Event.

41. Plaintiffs are informed and believe, and based thereon allege, that Defendant paid Mr. Markham substantially more than Ms. Kasper, a woman.

42. Mr. Markham actively promotes the fact that he has substantial experience serving as a Ring Announcer for boxing and other events.  Accordingly, having experience as a Ring Announcer clearly leads to additional opportunities to serve in that capacity and demand higher compensation for such.

43. Defendant Celebrity Boxing, by its termination of Ms. Kasper as Ring Announcer and breach of the Agreement, deprived Ms. Kasper of the opportunity to gain experience as a Ring Announcer and thereby actively pursue additional opportunities to serve in that capacity and obtain increased income therefrom.

## FIRST COUNT FOR BREACH OF CONTRACT

### [By All Plaintiffs]

44. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth in this First Count for Breach of Contract in full.

45. The Agreement constitutes a lawful and binding contract on the parties thereto.

46. Plaintiffs have performed each and every promise, condition, and covenant required of them to be performed under the Agreement, except to the extent such performance is or may be excused by Defendant's breach or other conduct.

47. Defendant's actions as hereinabove alleged constitute a breach of the Agreement.

48. As a result of Defendant's breach, Plaintiffs have suffered actual and consequential damages that were reasonably foreseeable at the time of the making of the Agreement and/or at the time of Defendant's breach.  These actual and consequential damages include amounts Defendant failed to pay pursuant to the Agreement, loss of valuable exposure in her chosen profession, and loss of future income as a result of lost opportunities.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in favor of Plaintiffs, and/or each of them, and against Defendant Celebrity Boxing in an amount in excess of $75,000, plus interest and costs, and such other and further relief as this Court deems just and proper.

## SECOND COUNT FOR INFRINGEMENT OF STATUTORY RIGHT OF PUBLICITY

### (42 Pa.Ann.Stat. Section 8316)

### [By Plaintiff Kasper Only]

49. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth in this Second Count for Infringement of Statutory Right of Publicity in full.

50. Plaintiff Kasper is a natural person within the meaning of 42 Pa.Ann.Stat. Section 8316 (the "Statute").

51. Plaintiff Kasper's name and likeness has commercial value.

52. Defendant Celebrity Boxing used Plaintiff Kasper's name and likeness for commercial and/or advertising purposes without the written consent of Ms. Kasper.

53. Plaintiff Kasper is entitled to recover damages for the loss and/or injury she has sustained as a result of Defendant Celebrity Boxing's unauthorized use of Ms. Kasper's name and likeness.

54. Plaintiff Kasper has suffered and will continue to suffer injury as a result of Defendant Celebrity Boxing's infringement of her statutory right of publicity, including but not limited to the value of use of her name and likeness, lost income, and damage to reputation, the damages for which shall be proven at trial but which Plaintiff estimates exceed $50,000.

55. Pursuant to the Statute, Section 8316(a), Plaintiff is entitled to enjoin Defendant Celebrity Boxing from continuing to use her name and/or likeness in connection with the Event or any other matter.

WHEREFORE, Plaintiff Kasper respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Celebrity Boxing in an amount in excess of $75,000, plus interest and costs, an injunction against Defendant Celebrity Boxing's continuing use of Plaintiff's name and/or likeness (including but not limited to an injunction compelling Defendant to take down and permanently remove any prior social media postings or publicity about the Event that include Plaintiff's name and/or likeness), and such other and further relief as this Court deems just and proper.

## THIRD COUNT FOR INFRINGEMENT OF COMMON LAW RIGHT OF PUBLICITY /

## APPROPRIATION OF NAME AND LIKENESS

### [By Plaintiff Kasper Only]

56. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth in this third count for infringement of common law right of publicity / appropriation of name and likeness in full.

57. Plaintiff Kasper is a natural person.

58. Under New Jersey law and, alternatively, Pennsylvania law, Plaintiff Kasper's name and likeness has commercial value.

59. Defendant Celebrity Boxing used and appropriated Plaintiff Kasper's name and likeness for commercial and/or advertising purposes without the written consent of Ms. Kasper.

60. New Jersey recognizes a common law right of publicity.  *See, e.g., Edison v. Edison Polyform Manufacturing Co.*, 67 A. 397 (N.J. Ch. 1907); *Canessa v. J.I. Kislak*, 235 A. 2d 62 (N.J. Super. Ct. Law Div. 1967); *McFarland v. Miller*, 14, F.3d, 912 (3rd Cir. 1994).

61. Pennsylvania recognizes a common law right of publicity, sometimes characterized as an invasion of privacy for appropriation of a person's name and/or likeness. *See* Restatement of Torts 2nd, Section 652(C) ("APPROPRIATION OF NAME OR LIKENESS); *Vogel et al. v. W. T. Grant Company*, 458 Pa. 124, 130, footnote 9 (1974).

62. Plaintiff Kasper is entitled to recover damages for the loss and/or injury she has sustained as a result of Defendant Celebrity Boxing's unauthorized use and appropriation of Ms. Kasper's name and likeness.

63. Plaintiff Kasper has suffered and will continue to suffer injury as a result of Defendant Celebrity Boxing's infringement of her right of publicity and/or invasion of privacy,

including but not limited to the value of use of her name and likeness, lost income, embarrassment, and damage to reputation, the damages for which shall be proven at trial but which Plaintiff estimates exceed $75,000.

WHEREFORE, Plaintiff Kasper respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Celebrity Boxing in an amount in excess of $75,000, plus interest and costs, an injunction against Defendant Celebrity Boxing's continuing use of Plaintiff's name and/or likeness (including but not limited to an injunction compelling Defendant to take down and permanently remove any prior social media postings or publicity about the Event that include Plaintiff's name and/or likeness), and such other and further relief as this Court deems just and proper.

### FOURTH COUNT FOR DEFAMATION

#### [By Plaintiff Kasper Only]

64. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth in this Fourth Count for Defamation in full.

65. The Defamatory Statement constitutes a communication with a defamatory character because it purports to convey as a factual matter that Ms. Kasper lacks the qualifications to perform the position she was hired for, namely as Ring Announcer for a celebrity boxing event.

66. Defendant Celebrity Boxing published the Defamatory Statement on or about May 25, 2021.

67. The Defamatory Statement clearly referred to Plaintiff Kasper.

68. Third parties viewed the Defamatory Statement when it was published and understood or would reasonably understand its defamatory character.

69. Plaintiff Kasper has suffered and will continue to suffer injury as a result of Defendant Celebrity Boxing's publication of the Defamatory Statement, including but not limited to lost income and damage to reputation, the damages for which shall be proven at trial but which Plaintiff estimates exceed $75,000.

70. The Defamatory Statement was made Defendant Celebrity Boxing with actual malice in that, among other things, Celebrity Boxing's CEO Damon Feldman previously propositioned Plaintiff Kasper for sex, including but not limited to on or about February 9, 2021 at a business dinner at which Feldman asked Kasper if she could see herself with a guy like him, asked her to wear a bikini when serving as Ring Announcer, and invited her back for an evening session in his hot tub.  Ms. Kasper refused him, and Feldman's authorization and making of the Defamatory Statement was motivated by his desire for retribution against Plaintiff Kasper.  Feldman is a known abuser of women, having been served several months in a Chester County, Pennsylvania prison after pleading guilty to assault and reckless endangerment for punching his girlfriend several times in the face and head.  True to form, Feldman and Defendant Celebrity Boxing replaced Plaintiff Kasper as the Ring Announcer for the Event with a man and, on information and belief, paid the male ring announcer more than Defendants' fee under the Agreement.  In addition, when Plaintiffs made public and truthful efforts to rally support for her reemployment as Ring Announcer, Celebrity Boxing employed its "General Counsel" Ms. Jackie Borock to shamefully threaten Ms. Kasper with "*criminal*" action should Ms. Kasper continue exercising her lawful First Amendment speech rights.

WHEREFORE, Plaintiff Kasper respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Celebrity Boxing in an amount in

excess of $75,000, plus interest and costs, for punitive and/or exemplary damages, and such other and further relief as this Court deems just and proper.

## FIFTH COUNT FOR TRADE LIBEL

### [By Plaintiff Gail Kasper Television only]

71. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth in this Fifth Count for Trade Libel in full.

72. The Defamatory Statement constitutes a communication with a defamatory character because it purports to convey as a factual matter that Plaintiff Gail Kasper Television lacks the qualifications to supply talent to perform as a Ring Announcer for a celebrity boxing event.

73. Defendant Celebrity Boxing published the Defamatory Statement on or about May 25, 2021.

74. The Defamatory Statement clearly referred to Plaintiff Gail Kasper Television.

75. Third parties viewed the Defamatory Statement when it was published and understood or would reasonably understand its defamatory character.

76. Plaintiff Gail Kasper Television has suffered and will continue to suffer injury as a result of Defendant Celebrity Boxing's publication of the Defamatory Statement, including but not limited to lost income and damage to reputation, the damages for which shall be proven at trial but which Plaintiff estimates exceed $75,000.

WHEREFORE, Plaintiff Gail Kasper Television LLC respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Celebrity Boxing in an amount in excess of $75,000, plus interest and costs, and such other and further relief as this Court deems just and proper.

FOX ROTHSCHILD LLP

By: _____
     Michael Eidel, Esquire
     *Attorney for Plaintiffs,*
     *Gail Kasper Television LLC, Gail Kasprzak*
     *a/k/a Gail Kasper*

Dated: July 29, 2021

## JURY DEMAND

Plaintiffs hereby make demand for a jury trial for all issues that are triable to a jury.

FOX ROTHSCHILD LLP

By: _____
     Michael Eidel, Esquire
     *Attorney for Plaintiffs,*
     *Gail Kasper Television LLC, Gail Kasprzak*
     *a/k/a Gail Kasper*

Dated: July 29, 2021